UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

SHARON ROTH,                          )
                                      )
            Plaintiff,                )
                                      )
        v.                            )   Case No. 1:22-cv-03398-CKK
                                      )
WEST END PLASTIC SURGERY,             )
                                      )
            Defendant.                )
                                      )

**DEFENDANT'S MOTION TO DISMISS**

Pursuant to Rule 12(b)(1) & (6) of the Federal Rules of Civil Procedure, Defendant Paul G. Ruff, IV, M.D. PLLC d/b/a West End Plastic Surgery ("WEPS"), hereby moves to dismiss the Complaint for lack of subject matter jurisdiction and failure to state a claim upon which relief can be granted.

As explained in the attached Memorandum, Plaintiff has failed to properly allege subject matter jurisdiction. Plaintiff has also failed to state a claim for discrimination in violation of the D.C. Human Rights Act, because those claims are barred by the statute of limitations. Dismissal of the Complaint, except with regard to Count One, is therefore warranted.

Respectfully submitted,

/s/ Nancy M. Kim

Nancy M. Kim, Esq. (D.C. Bar No. 473666)
Lange Kim & Dowell LLP
6849 Old Dominion Drive, Suite 225
McLean, VA 22101
Tel: (703) 506-1260
nancy@langethomas.com

Counsel for Defendant

CERTIFICATE OF SERVICE

I herby certify that on _23rd__ day of January 2023, the foregoing document was electronically filed with the ECF system and was electronically delivered to Plaintiff's counsel, Kristen Farr, at kfarr@spigglelaw.com.

/s/ Nancy M. Kim

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF COLUMBIA

| | |
|---|---|
| SHARON ROTH, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 1:22-cv-03398-CKK |
| ) | |
| WEST END PLASTIC SURGERY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

## **TABLE OF CONTENTS**

I. STATEMENT OF THE CASE..................................................................................1

II. PROCEDURAL HISTORY......................................................................................1

III. ARGUMENT............................................................................................................2

    A. Plaintiff Has Failed to Establish that This Court Possesses Subject Matter Jurisdiction of Her Complaint.......................................................................2

        1. Plaintiff Bears the Burden of Establishing Subject Matter Jurisdiction.....2

        2. Plaintiff Has Failed to Allege Facts Sufficient to Demonstrate Jurisdiction Pursuant to D.C. Code § 2-1403.16......................................................3

        3. This Court Does Not Possess Subject Matter Jurisdiction Pursuant to D.C. Code § 11-921............................................................................................4

        4. This Court Does Not Possess Subject Matter Jurisdiction Pursuant to 29 U.S.C. § 626(c)...........................................................................................4

        5. This Court Does Not Possess Subject Matter Jurisdiction Pursuant to 42 U.S.C. § 2000e-5(f).....................................................................................5

        6. Plaintiff Has Failed to Allege Jurisdictional Facts to Establish Diversity Jurisdiction...................................................................................................5

    B. Plaintiff Has Failed To State A Claim for Violation of D.C. Human Rights Act...6

        1. Standard of Review......................................................................................6

        2. Plaintiff's DCHRA Claims Are Barred by the Statute of Limitations........7

IV. CONCLUSION........................................................................................................7

CERTIFICATE OF SERVICE................................................................................................8

EXHIBIT A

# TABLE OF AUTHORITIES

**Cases**

Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011)......................................2

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555(2007)......................................................6

Beraki v. Crescent Hotels & Resorts, 2022 U.S. Dist. LEXIS 63312 (D.D.C. 2022)..............5

Bruton-Barrett v. Gilead Scis., Inc., 2022 U.S. Dist. LEXIS 206280, *8 (D.D.C. 2022)............3

Disner v. United States, 888 F. Supp. 2d 83, 87 (D.D.C. 2012)............................................2

Elzeneiny v. District of Columbia, 125 F. Supp. 3d 18, 32 (D.D.C. 2015)............................3

Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1985)..............................................6

Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994).................................2

Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994)........................6

Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992).................................................2

Morris v. Office of Pers. Mgmt, 2021 U.S. Dist. LEXIS 101160 (D.D.C. 2021).....................6

Sparrow v. United Air Lines, Inc., 126 F.3d 1111, 1113 (D.C. Cir. 2000).............................6

Washington v. Washington Metro Area Transit Auth., 160 F.3d 750, 752 (D.C. Cir. 1998)........4

**Statutes**

28 U.S.C. § 1331..........................................................................................................1

28 U.S.C. § 1332(a)(1)...............................................................................................5, 6

29 U.S.C. § 626(c).......................................................................................................4

42 U.S.C. §2000e........................................................................................................5

42 U.S.C. § 2000e-5(f).................................................................................................5

D.C. Code § 2-1403.16..............................................................................................3, 7

D.C. Code § 11-921................................................................................................4

**Rules**

Fed. R. Civ. P. 8(a)................................................................................................6

Fed. R. Civ. P 12(b)(1)...........................................................................................1

Fed. R. Civ. P. 12(b)(6).......................................................................................1, 6

Defendant Paul G. Ruff, IV, M.D. PLLC d/b/a West End Plastic Surgery ("WEPS"), by and through its undersigned counsel, respectfully submits this Memorandum in Support of its Motion to Dismiss pursuant to Rule 12(b)(1) and (6) of the Federal Rules of Civil Procedure. For the reasons stated below, the Complaint should be dismissed for lack of subject matter jurisdiction[1] and for failure to state a claim upon which relief can be granted.

I.   STATEMENT OF THE CASE

Plaintiff Sharon Roth is a former employee of WEPS, who was employed as a Surgical Coordinator from June 2018 to January 2021. Ms. Roth was an at-will employee, and her position was terminated on January 7, 2021. WEPS decided to terminate the Surgical Coordinator position for strategic business purposes and replaced it with a new Patient Care Coordinator position, which was more focused on sales and marketing. Ms. Roth was interviewed for the position and was not selected. Ms. Roth alleges that she was discriminated and retaliated against due to her age, personal appearance, and disability in violation of D.C. Human Rights Act ("DCHRA") (Counts Four to Nine). Ms. Roth further alleges that she is entitled to payment of overtime for hours worked in excess of 40 hours per week pursuant to the Fair Labor Standards Act ("FLSA") (Count One), D.C. Minimum Wage Act (Count Two), and the D.C. Wage Payment and Collection Law (Count Three).

II.   PROCEDURAL HISTORY

Prior to filing this Complaint, Ms. Roth filed a claim before the D.C. Office of Human Rights ("OHR") on November 1, 2021. See Exhibit A. In the Charge of Discrimination, Ms.

---

[1] Plaintiff did not allege subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in the Complaint. Compl. ¶ 6. Defendant nonetheless concedes that this Court possesses subject matter jurisdiction of Count One, which alleges violation of the FLSA, pursuant to 28 U.S.C. § 1331, which grants district courts "original jurisdiction of all civil actions arising under the Constitution, laws or treaties of the United States."

1

she was discriminated against due to age and personal appearance, but noticeably, disability was not marked as a basis for discrimination. See Exhibit A. WEPS participated in mediation in an effort to resolve Ms. Roth's claims, but the parties were unable to come to a resolution. Plaintiff apparently withdrew her claim before OHR, but it is unclear from the face of the Complaint when Ms. Roth withdrew her claim.

III.  ARGUMENT

    A.  Plaintiff Has Failed To Establish That This Court Possesses Subject Matter Jurisdiction of Her Complaint

        1.  Plaintiff Bears the Burden of Establishing Subject Matter Jurisdiction

"Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994) (citations omitted). Accordingly, it is "presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Id. (citations omitted).

When a defendant files a motion to dismiss the complaint for lack of subject-matter jurisdiction, the plaintiff bears the burden of establishing jurisdiction by a preponderance of the evidence. Lujan v. Defenders of Wildlife, 504 U.S. 555, 561 (1992). A court must "assume the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff the benefit of all inferences that can be derived from the facts alleged[.]" Am. Nat'l Ins. Co. v. FDIC, 642 F.3d 1137, 1139 (D.C. Cir. 2011). However, "the court need not accept factual inferences drawn by plaintiffs if those inferences are not supported by facts alleged in the complaint, nor must the Court accept plaintiff's legal conclusions." Disner v. United States, 888 F. Supp. 2d 83, 87 (D.D.C. 2012).

    2.    <u>Plaintiff Has Failed to Allege Facts Sufficient to Demonstrate Jurisdiction Pursuant to D.C. Code § 2-1403.16</u>

Plaintiff alleges that this Court possesses subject matter jurisdiction pursuant to D.C. Code § 2-1403.16. <u>See</u> Compl. ¶ 6. Plaintiff, however, does not allege necessary jurisdictional facts to demonstrate that this Court possesses jurisdiction pursuant to D.C. Code § 2-1403.16. Section 2-1403.16 provides in relevant part:

> Any person claiming to be aggrieved by an unlawful discriminatory practice shall have a cause of action in any court of competent jurisdiction for damages and such other remedies as may be appropriate, unless such person has filed a complaint hereunder; provided, that where the Office has dismissed such complaint on the grounds of administrative convenience, or where the complainant has withdrawn a complaint, such person shall maintain all rights to bring suit as if no complaint had been filed.

As this Court has previously held, the DCHRA "requires an election of remedies." <u>Bruton-Barrett v. Gilead Scis., Inc.</u>, 2022 U.S. Dist. LEXIS 206280, *8 (D.D.C. 2022) (quoting <u>Jones v. District of Columbia</u>, 41 F. Supp. 3d 74, 79 (D.D.C. 2014)). Individuals alleging violations of the DCHRA may file a complaint either in court or with OHR, but they cannot do both. <u>Elzeneiny v. District of Columbia</u>, 125 F. Supp. 3d 18, 32 (D.D.C. 2015). This is because the jurisdiction of the court and OHR are mutually exclusive, except in two narrow instances: (1) if OHR dismisses the case on administrative convenience grounds, or (2) if the individual withdraws his or her complaint before a probable-cause determination is rendered. <u>Id.</u> at 33.

In this case, Plaintiff previously filed a claim before the OHR, but Plaintiff has not alleged facts showing that either OHR dismissed her claim on administrative convenience grounds or that she withdrew her claim before a probable cause determination was rendered. Accordingly, Plaintiff has failed to meet her burden of establishing this Court's jurisdiction pursuant to D.C. Code § 2-1403.16.

3. <u>This Court Does Possess Subject Matter Jurisdiction Pursuant to D.C. Code § 11-921</u>

Plaintiff alleges that this Court possesses subject matter jurisdiction pursuant to D.C. Code § 11-921. <u>See</u> Compl. ¶ 6. Plaintiff is mistaken. That section grants the Superior Court, not the district court, general jurisdiction of civil actions brought in the District of Columbia. Accordingly, Plaintiff has failed to establish that this Court possesses jurisdiction of her claim pursuant to D.C. Code § 11-921.

4. <u>This Court Does Not Possess Subject Matter Jurisdiction Pursuant to 29 U.S.C. § 626(c)</u>

Plaintiff alleges that this Court possesses subject matter jurisdiction pursuant to 29 U.S.C. § 626(c). <u>See</u> Compl. ¶ 6. That section states in relevant part:

> Any person aggrieved may bring a civil action in any court of competent jurisdiction for such legal or equitable relief as will effectuate the purposes of this chapter: *Provided,* That the right of any person to bring such action shall terminate upon the commencement of an action by the Equal Employment Opportunity Commission to enforce the right of such employee under this chapter.

Section 626(c) is the jurisdictional provision of the Age Discrimination in Employment Act, 29 U.S.C. § 621 <u>et seq</u>. Plaintiff, however, has not alleged an ADEA claim in any of the nine counts listed in the Complaint. Accordingly, Plaintiff has failed to establish that this Court possesses jurisdiction of her claim pursuant to 29 U.S.C. § 626(c).

Furthermore, Plaintiff has failed to allege that she filed a charge before the EEOC or exhausted her administrative remedies before the EEOC. "Before suing under either the ADEA or Title VII, an aggrieved party must exhaust his administrative remedies by filing a charge of discrimination with the EEOC within 180 days of the alleged discriminatory incident." <u>Washington v. Washington Metro Area Transit Auth.</u>, 160 F.3d 750, 752 (D.C. Cir. 1998); <u>see</u>

4

also Beraki v. Crescent Hotels & Resorts, 2022 U.S. Dist. LEXIS 63312 (D.D.C. 2022) (dismissing claim for failure to exhaust administrative remedies).

     5.     **This Court Does Not Possess Subject Matter Jurisdiction Pursuant to 42 U.S.C. § 2000e-5(f)**

Plaintiff alleges that this Court possesses subject matter jurisdiction pursuant to 42 U.S.C. § 2000e-5(f), which is the jurisdictional provision under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e. Section 2000e-5(f), however, does not grant this Court subject matter jurisdiction because Plaintiff has not alleged a Title VII claim in any of the nine counts listed in the Complaint. Accordingly, Plaintiff has failed to establish that this Court possesses jurisdiction pursuant to 42 U.S.C. § 2000e-5(f).

Furthermore, courts have held that "Title VII requires a person complaining of a violation [to] file an administrative charge with the EEOC and allow the agency time to act on the charge. Only after the EEOC has notified the aggrieved person of its decision to dismiss or its inability to bring a civil action within the requisite time period can that person bring a civil action herself." Park v. Howard Univ., 71 F.3d 904, 907 (D.C. Cir. 1995) (reversing judgment because plaintiff failed to exhaust administrative remedies). Plaintiff, however, has not alleged in her Complaint that she filed a claim with the EEOC or that she exhausted her administrative remedies.

     6.     **Plaintiff Has Failed to Allege Jurisdictional Facts To Establish Diversity Jurisdiction**

Plaintiff does not allege diversity jurisdiction as a basis for this Court's jurisdiction in paragraph 6 of the Complaint. It is well known that 28 U.S.C. § 1332(a)(1) provides district courts with "original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000" and the parties are "citizens of different [s]tates." Plaintiff, however, has failed to allege jurisdictional facts showing that the amount in controversy exceeds $75,000

and that parties are citizens of different states. Accordingly, Plaintiff has failed to meet her burden of establishing this Court's jurisdiction pursuant to 28 U.S.C. § 1332(a)(1).

        B.     Plaintiff Has Failed to State a Claim for Violation Of D.C. Human Rights Act

            1.     Standard of Review

Federal Rule of Civil Procedure 8(a) requires only a "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). While a complaint does not need detailed factual allegations, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

A complaint may be dismissed for failure to state a claim upon which relief can be granted. See Fed. R. Civ. P. 12(b)(6). In considering a Rule 12(b)(6) motion, the "complaint is construed liberally in the plaintiff['s] favor, and [the Court] grant[s] [a] plaintiff[] the benefit of all inferences that can be derived from the facts alleged." Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); see also Sparrow v. United Air Lines, Inc., 216 F.3d 1111, 1113 (D.C. Cir. 2000). "A complaint survives a motion under Rule 12(b)(6) only if it 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" Morris v. Office of Pers. Mgmt, 2021 U.S. Dist. LEXIS 101160 (D.D.C. 2021) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). A motion to dismiss may be granted on statute of limitations grounds "if the complaint on its face is conclusively time-barred." Firestone v. Firestone, 76 F.3d 1205, 1209 (D.C. Cir. 1985).

2. <u>Plaintiff's DCHRA Claims Are Barred by the Statute of Limitations</u>

The statute of limitations for a claim arising under the D.C. Human Rights Act is one year from the unlawful discriminatory act, except in real estate transactions, which is plainly not applicable here. D.C. Code § 2-1403.16. The timely filing of a complaint before the OHR also tolls the running of the statute of limitations while the complaint is pending. <u>Id.</u>

In this case, Plaintiff alleged in her Complaint that she was unlawfully discharged on January 7, 2021. Compl. ¶ 22. Plaintiff filed her Complaint in in this Court on November 7, 2022, which is more than one year after her termination. Plaintiff does not allege any facts in her Complaint that she filed a claim before the OHR, that she withdrew her claim before the OHR, nor any allegations regarding tolling of the statute of limitations. Accordingly, on the face of her Complaint, Ms. Roth's claims alleging violation of the D.C. Human Rights Act are time-barred.

Furthermore, Plaintiff never raised a claim alleging discrimination based upon her disability before the OHR. <u>See</u> Exhibit A. As the Charge of Discrimination shows, Ms. Roth alleged only that she was discriminated against based upon her age and personal appearance. Therefore, Plaintiff cannot contend that the statute of limitations was tolled on her disability claim while her Complaint was pending before the OHR. Accordingly, the Court should dismiss Count Six of the Complaint alleging discrimination based on disability.

IV. <u>CONCLUSION</u>

For the foregoing reasons, the Court should dismiss Counts Two to Nine of the Complaint for lack of subject matter jurisdiction and Counts Four to Nine of the Complaint for failure to state a claim upon which relief can be granted.

Respectfully submitted,

/s/ Nancy M. Kim

_____

Nancy M. Kim, Esq. (D.C. Bar No. 473666)
Lange Kim & Dowell LLP
6849 Old Dominion Drive, Suite 225
McLean, VA 22101
Tel: (703) 506-1260
nancy@langethomas.com

Counsel for Defendant

## CERTIFICATE OF SERVICE

I herby certify that on _23rd__ day of January 2023, the foregoing document was electronically filed with the ECF system and was electronically delivered to Plaintiff's counsel, Kristen Farr, at kfarr@spigglelaw.com.

/s/ Nancy M. Kim
_____

## EXHIBIT A

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency Charge No: |
|---|---|
| X FEPA | 22-097-P(N) |

**D.C. Office Of Human Rights**
State Agency

| Name (indicate Mr., Ms., Mrs.) | E-Mail Address | Home Phone | Date of Birth |
|---|---|---|---|
| Ms. Sharon Roth c/o Kristen Farr | kfarr@spigglelaw.com | 703-215-1123, ext 4 | 12/27/195 |

| Street Address | City, State and ZIP Code |
|---|---|
| 4830A 31st Street, Suite A | Arlington, Virginia 22206 |

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others.

| Name | No. Employees, Members | Phone No. |
|---|---|---|
| West End Plastic Surgery | 15+ | 202-869-1900 |

| Street Address | City, State and ZIP Code |
|---|---|
| 2440 M Street NW | Washington, DC 20037 |

DISCRIMINATION BASED ON (Check appropriate box(es).)

[ ] RACE  [ ] COLOR  [ ] SEX  [ ] RELIGION  [ ] NATIONAL ORIGIN
[ ] RETALIATION  [X] AGE  [ ] DISABILITY  [X] OTHER (Specify below.)
**Personal Appearance**

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 11/01/2020   Latest: 01/07/2021
[ ] CONTINUING ACTION

**THE PARTICULARS ARE:**

Complainant filed her Initial Written Complaint with OHR on November 1, 2021.
Respondent hired me in June 2018 as a Surgical Coordinator. I believe Respondent discriminated against me in the terms, conditions, and privileges of employment based on my age (64) and personal appearance (overweight, no plastic surgery, average) for the following reasons:

**DISPARATE TREATMENT (Discharge) – Age**
Respondent gave me two weeks of leave in the beginning of every year. In late October/early November 2020, I became ill and called to notify Ms. Schrag that I could not come into work, however, I ensured Ms. Schrag that I had everything I needed to work from home. Soon thereafter, I received my paycheck and noticed that I was docked a day's pay. I was not aware that I would not be paid for this day until I received my paycheck. Ms. Schrag asked, "Were you not out sick?" I explained, I continued to work while at home. I also requested Ms. Schrag treat me the same as other staff members in that Ms. Schrag allowed other, younger staff members to be compensated with paid vacation/sick time who are not entitled to receive it. On one occassion Complainant worked from home when she was sick, but her pay was deducted for that day. When Complainant confronted Ms. Schrag about her paycheck, stating that Complainant regularly worked substantial overtime, Ms. Schrag replied, "were you not out sick?" She also stated to the Complainant "You do not get paid overtime." However, Pratistha Prasai (late 20s or early 30s), a newly hired medical assistant, once explained to Ms. Schrag that she was upset about working overtime. Ms. Schrag adjusted Ms. Prasai's schedule to eliminate her overtime. Additionally, Ms. Prasai was not eligible for PTO, yet she has been paid for all the time she has requested off.
In late October/ early November 2020, I was scheduling surgeries when I noticed interviews on the surgeons' calendars when I was scheduling surgeries. However, I was not aware of any open/available. I did an online search for job postings and located a posting on Indeed. The employer was listed as confidential, but I recognized the practice by the description.
The job posting advertised three plastic surgery patient sales executive positions for a plastic surgery practice in Washington DC with a salary between sixty thousand to one hundred and ten thousand dollars per year. This included an annual salary and bonuses with an uncapped income. The description for the positions matched that of mine. The base salary for not one, but three candidates, was far greater than mine and I had never received a bonus or commission during my employment with Respondent. Around this same time, I met with Dr. Ruff and asked about the opening of the positions and Dr. Ruff stated, 'It is not about you. It is not replacing you." Soon thereafter, on January 7, 2021, I was terminated for no reason and my position as filled by three individuals who were all younger, and thinner women. Most had blonde hair.
Therefore, I charge Respondent with unlawful discriminatory acts in violation of the D.C. Human Rights Act of 1977, as amended. I have not commenced any other civil, criminal, or administrative action based on the above allegations, other than the instant Charge of Discrimination.

I want this charge filed with the State Agency. I will advise the Agency if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

NOTARY – When necessary for State and Local Agency Requirements

I declare under penalty of perjury that the above is true and correct.

1/26/2022
Date

DocuSigned by: Sharon Roth
Charging Party Signature

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE (month, day, year)